WILLIAM R. TAMAYO, #084965
JONATHAN T. PECK, #12303 (VA)
LINDA ORDONIO DIXON #172830
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> TANYA THOMPSON <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED COUNCIL OF HUMAN SERVICES, <br><br> Defendant. | CIVIL ACTION NO. 10-CV-03826 BZ <br><br> [PROPOSED] CONSENT DECREE |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to Charging Party Tonya Thompson, who was adversely affected by such practices.

In the interest of resolving this matter the EEOC and United Council of Human Services ("UCHS" or "Defendant,") hereinafter referred to as "the Parties," have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree.

CONSENT DECREE
CV-10-03826

This Consent Decree shall not constitute adjudication and/or a finding on the merits of this lawsuit. This Consent Decree resolves all claims raised by the EEOC which stem from EEOC Charge No. 550-2007-01706 (Tonya Thompson v. United Council of Human Services) and the EEOC Complaint in this Lawsuit, and constitutes a complete resolution of all claims of discrimination under Title VII that were made or could have been made by the EEOC based on this charge. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charges and Complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the EEOC and Defendant UCHS with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.


**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I. GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding upon the Parties, their agents, successors and assigns. The Parties will each bear their own costs and attorney fees in this action.

//

CONSENT DECREE  2.
CV-10-03826

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION

1. **National Origin, Race and/or Pregnancy Discrimination**: Consistent with Section 703 of Title VII, 42 U.S.C. §2000e-2, Defendant and their officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from discriminating against persons on the basis of national origin, race and/or pregnancy by creating, allowing or otherwise supporting national origin, race and/or pregnancy discrimination in the workplace.

2. **Retaliation**: Consistent with Section 704 of Title VII, 42 USC § 2000e-3, Defendant, their officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; or (e) asserted any rights under this Consent Decree.

## III. SPECIFIC INJUNCTIVE RELIEF

1. **Anti-Discrimination Policy:** Defendant shall develop, adopt and effectively implement an anti-discrimination policy within ninety (90) days of entry of the Consent Decree. The policy shall: (i) include definitions of discriminatory treatment, with specific reference to national origin, race and pregnancy discrimination; (ii) include examples of national origin, race and pregnancy discrimination; and, (iii) provide for appropriate discipline and/or corrective action for incidents of discrimination designed to deter future acts of such discrimination.

//

The policy shall be submitted to the EEOC no later than forty-five (45) days after entry of the Consent Decree. The EEOC will inform Defendant within fifteen (15) days of receipt of the anti-discrimination policy if there are any concerns about the policy. Thereafter, Defendant shall distribute copies of the policy to all current employers within fifteen (15) days of the adoption of the policy and thereafter to all new hires. Each employee receiving the policy shall sign a statement acknowledging receipt.

2. **Training of Supervisory Employees:** No later than December 31, 2012, Defendant shall conduct and require all employees with supervisory responsibilities to attend anti-discrimination training. The purpose of this training shall be to give participants an understanding of discrimination issues with regard to race, national origin and pregnancy, sources of legal protection for discrimination victims, the employees' obligation to report discrimination, the employer's obligation to take preventive, investigative and remedial action with respect to discrimination complaints, and to review company policies (including termination and promotion policies) and practices related to discrimination.

The training shall last no less than two hours, and shall be conducted by an individual with expertise in the area of employment law. The content, method of training, instructor and size of training classes is subject to approval by the Commission which approval shall not be unreasonably withheld and which shall take into consideration Defendant's operational needs. Defendant agrees to provide the name and qualifications of the proposed instructor as well as a description the training program to counsel for the EEOC no later than thirty (30) days before the training programs are scheduled to be held.

New supervisory employees hired prior to December 31, 2012, but after the training session described above takes place, will be provided all of the training materials and will receive a review of the training subject matter by a manager who has received the training, to take place within three

CONSENT DECREE                               4.
CV-10-03826

1  (3) months of hiring.

2  Commencing in the year 2013 throughout the duration of this Consent Decree, Defendant shall provide supervisory personnel with yearly refresher training on the subject matter described above. This training shall be conducted pursuant to the parameters of the 2012 training but may be shortened to one hour. Each training must be completed no later than December 31st of that calendar year.

All persons attending training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training. Defendant shall retain the originals of these acknowledgments. The EEOC may inspect these documents with ten (10) days notice to Defendant.

### 3. Reports to the Commission

#### a. Training Report

Defendant shall prepare a yearly verification signed by an officer and at least two boardmembers of the Defendant, under penalty of perjury, that the training detailed in item III. 2., above, was completed in accordance with the terms of this Consent Decree.

#### b. Reports on Hiring

For the duration of the Consent Decree, Defendant shall compile and maintain the following information for each job and/or promotion announcement:

1) A copy of the job announcement and a description of how the announcement was disseminated;

2) All applications, resumes and/or other documents submitted by applicants in order to be considered for each job announcement.

3) A brief statement from the hiring official explaining why the selected candidate was chosen.

Defendant shall prepare a yearly verification signed by an officer and at least two boardmembers of the Defendant, under penalty of perjury, that the hiring information detailed above

CONSENT DECREE            5.
CV-10-03826

1  was compiled and maintained in accordance with the terms of this Consent Decree.

### c. Reports concerning Terminations

For the duration of the Consent Decree, Defendant shall compile and maintain the following information for each employee who is involuntarily terminated:

1) Employee Name;

2) Employee's Position;

3) Effective Date of Termination;

4) Brief Explanation of Reason for Termination; and,

5) All documentary evidence concerning the reasons for termination including, but no limited to, disciplinary records.

Defendant shall prepare a yearly verification signed by an officer and at least two boardmembers of the Defendant under penalty of perjury, that the involuntary termination information detailed above was compiled and maintained in accordance with the terms of this Consent Decree.

All verifications required under this Consent Decree shall be provided to the EEOC on a yearly basis for the calendar year just concluded by no later than January 31st of the following calendar year. Such verifications shall be sent to the attention of EEOC Counsel, Linda Ordonio-Dixon, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

### 4. Policies Designed to Promote Supervisor Accountability

### a. Communication of Potential Discipline.

Defendant shall institute and administer policies which impose appropriate discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in discrimination and/or retaliation or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, and/or who retaliates against

CONSENT DECREE 6.
CV-10-03826

any person who complains or participates in any investigation or proceeding concerning such conduct. Defendant shall communicate this policy to all of their supervisors and managers.

### b. Communication of Duty to Actively Monitor Worksite.

Defendant will insure that all managers and supervisors are advised of their duty to actively monitor their work areas to ensure employee compliance with Defendant's anti-discrimination policy, and to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the individuals charged with handling such complaints.

5. **Posting:** Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at all facilities, the notice attached as Exhibit A. The notice shall be the same type, style, and size as Exhibit A.

## IV. REINSTATEMENT

Within 30 days of the entry of this decree, or at a date mutually agreed upon between Tanya Thompson and Defendant, Tanya Thompson shall be reinstated into a Peer Advisor position at United Council's Bayview Resource Center. Ms. Thompson shall be guaranteed no less than 35 hours of work per week on the graveyard shift for, at minimum, the duration of this decree unless Defendant can demonstrate financial difficulty or other business necessity which requires the reduction/elimination of peer advisor positions and Ms. Thompson has less seniority than any other peer advisor not adversely impacted by such reduction/elimination. For purposes of a reduction in Defendant's workforce, Ms. Thompson's seniority shall be counted from the day of her initial hire in 2004 through to the date of her most current employment with Defendant. Despite this provision, Tanya Thompson's shall remain an at-will employee of Defendant, and Defendant retains the right to take all nonretaliatory, nondiscriminatory actions it deems necessary in the conduct of its business. However, non performance related reductions in force are subject to the provisions of this section IV.

CONSENT DECREE                                    7.
CV-10-03826

## V. MONETARY RELIEF

Defendant shall pay the total sum of $10,000.00 (Ten Thousand Dollars) to Tanya Thompson no later than December 31, 2012. The manner in which payment shall be made will be in accordance with a separate agreement between Ms. Thompson's counsel and Defendant, including terms of that agreement between Ms. Thompson and Defendant as recited before the court on January 31, 2012. A copy of any instrument effecting payment shall be provided to the EEOC within ten days of its issuance.

## VI. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

a. This Consent Decree shall terminate five (5) years from the date of entry by the Court, unless the Commission successfully petitions this Court for an extension of the Decree because of non-compliance by Defendant. If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

b. Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has materially failed to comply with any of the terms of this Decree. The Consent Decree will therefore automatically expire without further court order.

//

//

//

CONSENT DECREE
CV-10-03826

8.

Dated: April 4, 2012

WILLIAM R. TAMAYO

JONATHAN T. PECK

LINDA ORDONIO DIXON

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Attorneys for Plaintiff

MICHAEL A. FARBSTEIN

FARBSTEIN & BLACKMAN
Attorneys for Defendant

IT IS SO ORDERED:

Dated: 10 Apr 2012

United States District Court Judge

CONSENT DECREE
CV-10-03826

9.

# NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree in settlement of all claims related to the federal lawsuit Equal Employment Opportunity Commission (EEOC) vs. United Council of Human Services. (Civil Action 10-03826 BZ), Northern District of California).

The Consent Decree does not constitute an adjudication and/or a finding on the merits of the Lawsuit and should not be construed as an admission of liability by United Council of Human Services. United Council of Human Services and the EEOC each have voluntarily entered into the Consent Decree.

As detailed in the referenced Consent Decree, Defendant United Council of Human Services. is ordered to do the following:

1. Pay monetary relief in the amount of $10,000.00.
2. Revise company anti-discrimination policies
3. Provide training to supervisory employees in anti-discrimination issues
4. Make reports to the EEOC regarding training, hiring and terminations taken in accordance with the Consent Decree
5. Institute new policies to promote supervisor accountability for harassment occurring in the workplace
6. Post this Notice of Settlement.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED BY ANYONE**

This notice must remain posted for five years from the date below and must not be altered, defaced or covered by any other material. The EEOC is the federal agency responsible for enforcing federal laws prohibition employment discrimination. More information about the EEOC is available at www.eeoc.gov or (415) 625-5654/toll free at (800) 669-4000. The EEOC charges no fees and has employees who speak languages other than English.

Dated: _____      _____
                                    BOARD MEMBER

                                    _____
                                    BOARD MEMBER

                                    _____
                                    CEO